The Clerk of the Court is directed to
mail a copy of this Order to the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY GHIAZZA
    Plaintiff,
v.
ANCHORAGE MARINA, INC., et al.,
    Defendants,
LAWRENCE W GHIAZZA JR.
Pro se

Motion for Summary Judgement
in lieu of amended complaint
No. 19-CV-2792 (KMK)

*Handwritten annotation:* Denied, as this case was dismissed and no Amended Complaint has been filed. Plaintiff is ordered to file an Amended Complaint by 9/23/20 or face dismissal with prejudice. So Ordered. [signature] 9/9/20    AUG 27 2020

    I file my motion for Summary Judgment in Lieu of an amended complaint pursuant to CPLR 3213. The court has subject matter over the claims against defendant Anchorage pursuant to the Fed. R. Civ. P. Rule (2). Representative statutes are N.Y. Code 1848 (Laws 1848, ch. 379) §62; N.Y.C.P.A. (1937) §8 and the Fair Debt Collection Practices Act."15 USC 1692, see sections (806§ Harassment and abuse 15 USC 1692e), (§807 False or Misleading representations 15 USC 1692f), (§808 Unfair Practices 15 USC 1692g) (§809 Validation of Debts 15 USC 1692h), (§813 Civil Liability 15 USC 1692l). Defendant Anchorage failed to validate the debt prior to ascribing such financial responsibility to me as prescribed in section (§809 Unfair Practices 15 USC 1692K) of the fair debt Collection Practices Act, Therefore, an action to enforce any liability created by this subchapter may be brought in any appropriate United States district court <u>without regard to the amount in controversy, or in any other court of competent jurisdiction</u>, within one year from the date on which the violation occurs. This statute of limitations is tolled by the fraud and the continuing violation doctrine since the fees are still due according to the defendant Anchorage. The doctrine relieves a plaintiff of a limitations bar if he/she can show a series of related acts to him/her, one or more of which falls within the limitations period. *Pegram v. Honeywell, Inc., 361 F.3d 272, 279 (5th Cir. 2004).*

    The court has jurisdiction over the claims brought against defendant Lawrence Ghiazza pursuant to the Fed. R. Civ. P. Rule (2) and there is no statute of limitations. I performed renovations on the mobile home property of my Parents, for which my Parents owed me approximately $13,650. My Parents unsuccessfully transferred title of their boat, the "Lucky Four," to me as partial payment of the debt. The Lucky Four, which is registered with the U.S. Coast Guard, was valued at approximately $3,600, leaving a balance of approximately $10,050 still due to me. Subsequently, prior to my parent's death Defendant Lawrence W. Ghiazza, Jr. was named as the responsible party over the remaining business. There are no letters of administration

dings. To date defendant Lawrence Ghiazza has not arranged for
ebt to me. It was agreed that Defendant Lawrence Ghiazza pay
er the Lucky Four to me free of all encumbrances. Defendant
o. The Lucky Four currently remains in the possession of the
aiming storage that is due by me. Although my father maintained
property in exchange for storage the Lucky Four for over twenty
laims that a lien was placed on the boat prior to the unsuccessful

on the Lucky Four while in the care and control of my deceased
hiazza, I am not financially responsible for the payment of past
ant Anchorage has no grounds to demand payment for storage
ever legally transferred or in my possession during the time that
t Anchorage collect these fees from the rightful owner either
rsonally or the estate of my deceased father. This conduct is
or practice in violation of the Fair debt Collection Practices Act
ommission Act (15 U.S.C. 41 et seq.). Thus, the defendant
ection 1692k of title § 812 for failure to comply with a provision
able for damages pursuant to § 813, 15 USC 1692l. Wherefore,
nt to dismiss defendant Anchorage's defense with prejudice and
e Fair Debt Collection Practices Act. I also motion for summary
ence Ghiazza in the sum of $13,650 plus court costs.

Murphy, P.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFrey Chiazza

(List the name(s) of the plaintiff(s)/petitioner(s).)

19 Civ. 2792 (   )(   )

- against -

**AFFIRMATION OF SERVICE**

Anchorage Marina, Inc., et al.,

(List the name(s) of the defendant(s)/respondent(s).)

I, (print your name) JEFF Chiazza, declare under penalty of perjury that I served a copy of the attached (list the names of the documents you served): Motion For Summery Judgement in lieu of Ammended Complaint

upon all other parties in this case by (state how you served the documents, for example, hand delivery, mail, overnight express) Certified Mail to the following persons (list the names and addresses of the people you served): Cook & Netter 85 Main Street Kingston NY. 12402 Russel A Schindler ESQ 245 Wall Street Kingston N.Y. 12401

on (date you served the document(s)) 8-24-2020

8-24-2020
Dated

Signature: JEFF Chiazza
Address: 52 Pine Hill Rd
City, State: Pleasant Valley, NY
Zip: 12569
Telephone Number:
E-Mail Address:

Rev. 01/2013



JEFF Ghirazza
52 Pine Hell Rd
Pleasant vally ny
12569

Clerk of the Court
300 Quarropas street
WhitePlains NY 10601